## Arie de Vries, Appellant, v. Eva de Vries, Appellee. Gen. No. 20,648.

1. MARRIAGE, § 1*—*how distinguished from agreement to marry.* Although marriage is a civil contract and, as such, requires mutual assent of the parties thereto, yet there is a distinction between the contract itself and a mere agreement to marry, so that it is immaterial what the previous agreement was in a case where parties entered into a legal marriage which included the two essential elements of a marriage, *i. e.,* capacity and consent.

2. CONTRACTS, § 142*—*when antenuptial agreement not to cohabit after marriage void.* An agreement between parties to a marriage, made prior to the marriage, that no cohabitation should follow the marriage is void as against public policy, and either party may repudiate it after the marriage.

3. MARRIAGE, § 29*—*when refusal to cohabit does not avoid.* A refusal to cohabit does not render a marriage void, although such refusal may furnish grounds for its dissolution.

Appeal from the Superior Court of Cook County; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

HOLMES, MIX & CORKELL and OSCAR W. OLSON, for appellant; THOMAS J. HOLMES, of counsel.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action to annul a marriage on the ground of want of assent thereto or intention to marry. There was no defense. On the contrary, defendant, as a witness, corroborated complainant's testimony to the effect that they first met on a steamer coming from Holland to New York; that she was under contract

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with a theatrical company from which she wished to be released, and concluding that marriage would effect the rescission of her contract with the company she later, on reaching Chicago, requested plaintiff to marry her for the purpose of effecting such object, with the understanding between them that there should be no consummation of the marriage relation by cohabitation. Accordingly a marriage license was procured and they were married in legal form, but they never cohabited. The court dismissed the bill for want of equity on the ground that such an arrangement was against public policy.

It is true, as urged by appellant, that marriage is a civil contract and like other contracts requires mutual consent of the parties thereto. But counsel for appellant fails to distinguish between an agreement to marry and the marriage contract itself. It matters not what the previous agreement was, so long as the parties had the capacity to enter into a marriage contract and in doing so mutually consented thereto in legal form. "If," as stated by Bishop on Marriage, Divorce and Separation, vol. 1, sec. 301, "the agreement between the parties is to dwell together substantially in the law's relation of husband and wife, they will be adjudged such, and any collateral stipulation contrary to law will be held null." Here the two things essential to the marriage existed—capacity and consent. Neither of the parties was under any disability that would vitiate the contract, and both knew what they were doing and intended what they did. The collateral stipulation before the ceremony, that they would not cohabit together, was null and either party had a right to repudiate it after the ceremony. While cohabitation is contemplated by marriage, refusal to cohabit does not render the contract void even though it may furnish grounds for dissolution of the marriage. One of the grounds for questioning the marriage in the case of *Brooke v. Brooke,* 60 Md. 524, was the same as urged

here, but the court said it would convert the solemn rites of marriage into a delusion and fraud.

No cases are cited by appellant to support the contention that the previous agreement of the parties not to cohabit rendered the contract of marriage subsequently entered into void. The cases cited by him involve the question of want of capacity to enter into the contract, or where the consent was given in jest, or by mistake as to the legal effect of the ceremony, or as the result of duress or fraud. The decree will be affirmed.

*Affirmed.*